| | |
|---|---|
| DISTRICT COURT, EL PASO COUNTY, COLORADO<br>270 South Tejon<br>Colorado Springs, CO 80901 | DATE FILED: July 7, 2015 11:39 AM<br>FILING ID: ABEE0D4094EF2<br>CASE NUMBER: 2015CV31957 |
| Plaintiff(s):<br>**ABSOLUTE HEALTH CENTER, INC.**, a Colorado corporation; **DR. ALICE L. RATCLIFFE, D.C.**, Individually; **COLORADO CHIROPRACTIC NEUROLOGY CONSULTANTS, INC. d/b/a N-8 CHIROPRACTIC & WELLNESS**, a Colorado corporation.<br><br>v.<br><br>Defendant(s)(s):<br>**MULTIPLAN, INC.**, a New York corporation; **MULTIPLAN SERVICES CORPORATION**, a Delaware corporation; and **JOHN DOES # 1-100.** | ◄ COURT USE ONLY ► |
| Attorney for Plaintiffs<br>Andrew L. Quiat, Atty. Reg. #: 1286<br>The Law Offices of Andrew L. Quiat, P.C.<br>7955 East Arapahoe Court Suite 3900<br>Centennial, CO 80112<br>Ph. 303.471.8558 | Case No.:<br><br>Ctrm: |
| **COMPLAINT** ||

COME NOW, the Plaintiffs, Absolute Health Center, Inc.; Dr. Alice L. Ratcliffe, D.C.; and Colorado Chiropractic Neurology Consultants, Inc. d/b/a N-8 Chiropractic & Wellness; by and through their attorneys, The Law Offices of Andrew L. Quiat, P.C., as their Complaint, and alleges as follows:



EXHIBIT C

The Plaintiffs seeks injunctive relief, statutory damages, treble damages at the Court's discretion, and pre-judgment interest arising from statutory violations under the TCPA and CCPA.

## I. JURISDICTION AND VENUE

1. Jurisdiction is proper in this Court pursuant to the Colorado Constitution, Art. VI, § 9 and 47 U.S.C. § 227(b)(3).

2. Jurisdiction is proper in this Court as to the Defendant(s) pursuant to C.R.S. §§ 13-1-124(1)(a); 13-1-124(1)(b)(1963), as amended, because the unsolicited facsimile advertisement sent by the Defendant(s) to the Plaintiffs represents: (1) separate and distinct transactions of business in interstate and/or intrastate commerce via telephone lines into and within the state of Colorado; (2) the commission of tortious acts within the state of Colorado under the TCPA and CCPA; and (3) the cause of action arises directly from the consequences and effects of the transmission of each unsolicited facsimile advertisement into and within the state of Colorado.

3. Through its commercial facsimile advertising practices, the Defendant(s) has utilized the instrumentalities of interstate commerce, specifically telephone lines, into and within the state of Colorado.

4. Through its commercial facsimile advertising practices, the Defendant(s) has purposefully availed itself of the economic benefits of the market of consumers in the state of Colorado.

5. Through its commercial facsimile advertising practices, the Defendant(s) has purposefully availed themselves of the benefits of the laws of the state of Colorado.

6.   Independent of the commission by the Defendant(s) of one or more tortious acts within the state of Colorado, jurisdiction is proper in this Court as to the Defendant(s) because the commercial facsimile advertising practices of the Defendant(s) constitute transaction of business within the state of Colorado.

7.   Venue is proper in this Court pursuant to C.R.C.P. Rule 98(c)(1) as to the Defendant(s) because venue is proper in the county designated in the Complaint.

## II.   PARTIES

8.   The Plaintiff Absolute Health Center, Inc. is a Colorado corporation whose principal place of business is located in El Paso County, Colorado.

9.   The Plaintiff Dr. Alice L. Ratcliffe, D.C., is a sole proprietor whose principal place of business is located in El Paso County, Colorado.

10.   The Plaintiff Colorado Chiropractic Neurology Consultants, Inc., d/b/a N-8 Chiropractic & Wellness, is a Colorado corporation whose principal place of business is located in El Paso County, Colorado.

11.   The Defendant(s) MultiPlan, Inc., and MultiPlan Services Corporation, and collectively as their interests may appear "MultiPlan," are, respectively, New York and Delaware corporations, whose principal place of business is 115 Fifth Avenue, New York, NY 10003.

12.   The Defendant MultiPlan is engaged in the business of selling and providing services as a fiscal intermediary between insurance companies and health

care providers, which includes but is not limited to advertisement to health care providers to accept discounted payments for professional services already rendered.

13. Defendant(s) John Does # 1-100, whose true names are currently unknown, are individuals, businesses, or other entities who participated directly or indirectly with the Defendant(s)(s) in the process of sending unsolicited commercial facsimile advertisements into and/or within the state of Colorado. These individuals, businesses, or other entities may include, but are not limited to: subsidiaries, affiliates, owners, officers, employees, agents, independent contractors, or commercial fax broadcasters.

### III. GENERAL ALLEGATIONS

14. On October 4, 2012; October 8, 2012; September 19, 2012; October 11, 2012; July 29, 2012; July 11, 2012; July 13, 2012; January 19, 2012; August 6, 2012; July 31, 2012; July 27, 2012; July 16, 2012; September 26, 2012; September 24, 2012; September 4, 2012; August 30, 2012; August 28, 2012; August 27, 2012; August 24, 2012; August 31, 2012; September 6, 2012; September 7, 2012; November 8, 2012; November 6, 2012; June 5, 2012; June 7, 2012; November 12, 2102; November 10, 2012; December 3, 2012; December 2, 2012; December 1, 2012; November 29, 2012; November 25, 2012; November 23, 2012; November 27, 2012; November 30, 2012; December 4, 2012; December 19, 2012; December 21, 2012; December 23, 2012; December 28, 2012; January 1, 2013; December 30, 2012; February 7, 2013; March 7, 2013; March 8, 2013; March 10, 2013; March 9, 2013; March 6, 2013; March 12, 2013; February 11, 2013; February 9, 2013; March 5, 2013; April 27, 2012; April 24, 2012;

June 15, 2012; and additional dates unknown, in the ordinary course of business, the Defendant(s) sent, or caused to be sent, in interstate commerce, and/or using instrumentalities of interstate commerce, 193 unsolicited commercial facsimile advertisements to the Plaintiffs into and/or within the state of Colorado (the "fax transmissions"). The Plaintiffs submit that the number of fax transmissions actually sent by any given Defendant(s) vastly exceeds the number sued upon. Copies of the fax transmissions are attached hereto as Exhibit A, and incorporated herein by reference (See Exhibit A).

15. The Defendant(s) sent the fax transmissions without the prior express invitation or permission of the Plaintiffs.

16. The Plaintiffs are the actual recipients of the fax transmissions.

17. The Plaintiffs are potential consumers of the products, goods, and/or services advertised in the fax transmissions.

18. Because the fax transmissions were directed to the market of consumers in Colorado generally, the Defendant(s)' conduct significantly impacts the public as actual or potential consumers of the Defendant(s)' property, goods, and/or services.

19. Because the fax transmissions were not sent as part of a private contractual relationship between the Defendant(s) and the Plaintiffs, the Defendant(s)' conduct significantly impacts the public as actual or potential consumers of the Defendant(s)' property, goods, and/or services.

20. The fax transmissions advertised the commercial availability or quality of any property, goods, or services of the Defendant(s). Specifically, the fax transmissions advertised the availability to participate in an insurance reduced fee program (See Exhibit A). In addition to soliciting Plaintiffs to, respectively, accept discounted fees for professional services Plaintiffs had already rendered, the advertisement also solicited and seeks to secure an on-going Global Agreement or contract with the respective healthcare provider who received the fax. The facsimiles are pretexts to advertise or sell the Global Agreement, and/or a form of prohibited bait and switch or other deceptive trade practices advertising under C.R.S. § 6-1-105.

21. Because the fax transmissions were sent on behalf of Defendant(s) MultiPlan, Defendant(s) MultiPlan is a sender as defined under 47 C.F.R. § 64.1200(f)(8).

22. Because the fax transmissions were sent without the prior express invitation or permission of the Plaintiffs, the fax transmissions were unsolicited in violation of 47 U.S.C. § 227(b)(1)(C), 47 C.F.R. § 64.1200(a)(3)(2003), and C.R.S. § 6-1-702(1)(a)(See Exhibit B).

23. Because the fax transmissions failed to contain the required information clearly marked in a margin at the top or bottom of the page as required under C.R.S. § 6-1-702(1)(b)(I-III), the fax transmissions were sent in violation of C.R.S. § 6-1-702(1)(b)(See Exhibit B).

24. Because the fax transmissions failed to comply with applicable notice requirements under 47 U.S.C. §§ 227(b)(1)(C)(iii); 227(b)(2)(D)(i-vi), the fax transmissions were sent in violation of 47 U.S.C. § 227 and C.R.S. § 6-1-702(1)(c)(See Exhibit B).

25. The fax transmissions were sent willfully or knowingly by the Defendant(s) in violation of the TCPA.

26. As a direct and proximate result of receiving the fax transmissions, the Plaintiffs sustained actual damages to economic property interests. While the actual damages are difficult to quantify, the actual damages include, but are not limited to, the following: (1) consumption of office supplies, including fax paper and toner; (2) loss of use and control of office equipment, including facsimile machines; (3) disruption and interference with telephone lines and incoming or outgoing facsimile transmissions for legitimate business purposes; and (4) reduced employee productivity and efficiency.

### IV. CLAIMS FOR RELIEF

**COUNT I**
**(TRANSMISSION VIOLATIONS)**
**Unsolicited Transmissions in Violation of**
**47 U.S.C. § 227(b)(1)(C), 47 C.F.R. § 64.1200(a)(3),**
**and C.R.S. § 6-1-702(1)(a)**

27. The allegations of paragraphs 1-26 are incorporated herein by reference.

28. Because the fax transmissions were unsolicited (unsolicited transmissions), the Defendant(s)(s) violated 47 U.S.C. § 227(b)(1)(C), 47 C.F.R. § 64.1200(a)(3), and C.R.S. § 6-1-702(1)(a).

29. Accordingly, under Count I, the Defendant(s) are liable for a total of 386 transmission violations under the TCPA and CCPA for the transmission #'s 1-193 as specified in Table 1 (See Exhibit B).

## COUNT II
## (HEADER VIOLATIONS)
### Incomplete Header Information in Violation of
### C.R.S. § 6-1-702(1)(b)

30. The allegations of paragraphs 1-29 are incorporated herein by reference.

31. Because the fax transmissions failed to provide identification of the person sending the facsimile and failed to provide the telephone number of the sending fax machine of the person clearly marked in a margin or at the top or bottom of the page (incomplete header information), the Defendant(s) violated the header requirements under C.R.S. § 6-1-702(1)(b)(I-III).

32. Accordingly, under Count II, the Defendant(s) is liable for a total of 193 header violations under the CCPA for the fax transmission #'s 1-193 as specified in Table 1 (See Exhibit B).

## COUNT III
## (NOTICE REQUIREMENT VIOLATIONS)
### Incomplete Notice Provisions in Violation of
### 47 U.S.C. § 227(b)(1)(C)(iii), 47 U.S.C. §§ 227(b)(2)(D)(i-vi),
### and  C.R.S. § 6-1-702(1)(c)

33. The allegations of paragraphs 1-32 are incorporated herein by reference.

34. Because the fax transmissions failed to contain notice of the requirements for a valid opt-out request under 47 U.S.C. § 227(b)(2)(E), notice of a domestic contact telephone number, a domestic facsimile number, in addition to a cost-free mechanism

to transmit such a request, and a notice containing a statement that "failure to comply, within the shortest reasonable time, as determined by the Commission, with such a request . . . is unlawful" as required under 47 U.S.C. § 227(b)(1)(C)(iii) and 47 U.S.C. §§ 227(b)(2)(D)(i-vi), the fax transmissions were sent in violation of 47 U.S.C. § 227. and C.R.S. § 6-1-702(1)(c).

35. Accordingly, under Count III, the Defendant(s) are liable for a total of 386 notice requirement violations under the TCPA and CCPA for the fax transmission #'s 1-193 as specified in Table 1 (See Exhibit B).

## COUNT IV
## (WILLFUL OR KNOWING CONDUCT)
### Willful or Knowing Conduct under 47 U.S.C. § 227(b)(3)

36. The allegations of paragraphs 1-35 are incorporated herein by reference.

37. The fax transmissions were sent willfully or knowingly by the Defendant(s) as those terms are defined by the Federal Communications Commission (FCC) and Congress.

38. Because the fax transmissions were sent willfully or knowingly, the Defendant(s)(s) are liable for treble damages at the Court's discretion under 47 U.S.C. § 227(b)(3).

## COUNT V
## (PERSONAL LIABILITY)
### Personal Liability as to Defendant(s) Yet To Be Identified

39. The allegations of paragraphs 1-38 are incorporated herein by reference.

40. Pursuant to 47 U.S.C. § 217 (1934), the act, omission, or failure of any officer, agent, or other person acting for or employed by the Defendant(s) and acting within the scope of their employment constitutes the act, omission, or failure of the Defendant(s) as well as the officer, agent, or other person.

41. Defendant(s)' employees' or agents' of Multiplan, yet to be determined, acts, omissions, or failure to act in connection with Defendant(s) MultiPlan's facsimile advertising practices resulted in the commission of multiple tortious acts in the state of Colorado.

42. Alternatively, said Defendant(s)', yet to be determined, personal involvement in the facsimile advertising practices of Defendant(s) MultiPlan resulted in the commission of multiple tortious acts in the state of Colorado.

43. Alternatively, Defendant(s), yet to be determined, and other officers, employees, agents, or other persons participated personally and directly in the transmission of the unsolicited facsimile advertisements; and/or

44. Said Defendant(s), yet to be determined, authorized the transmission of the unsolicited facsimile advertisements; and/or

45. Said Defendant(s), yet to be determined, sanctioned the transmission of the unsolicited facsimile advertisements; and/or

46. Said Defendant(s), yet to be determined, had prior notice that the transmission of the unsolicited facsimile advertisements was unlawful and Defendant(s) failed to take affirmative steps to prevent the unlawful conduct; and/or

47. Said Defendant(s), yet to be determined, were personally involved in the implementation of the marketing and advertising strategies of Defendant(s) MultiPlan to promote the sale of business cards, and said marketing and advertising strategies included the unlawful transmission of unsolicited facsimile advertisements in violation of the TCPA and CCPA.

48. Pursuant to C.R.S. § 7-108-402 (1998), because said Defendant(s), yet to be determine, were personally involved in the implementation of the marketing and advertising strategies of Defendant(s) MultiPlan to promote the sale of its product(s) or services, and said marketing and advertising strategies included the unlawful transmission of unsolicited facsimile advertisements in violation of the TCPA and CCPA, said Defendant(s)s, yet to be determined, are personally liable for any damages attributed to Defendant(s) MultiPlan under Counts I-IV of the Complaint.

**COUNT VI
(DECEPTIVE TRADE PRACTICES)
C.R.S. § 6-1-105**

49. The allegations of paragraph 1-48 are incorporated herein by reference.

50. The Defendants have engaged in deceptive trade practices in violation of C.R.S. § 6-1-105 and are liable for damages.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs respectfully request that the Court enter judgment in their favor and against the Defendant(s). The Plaintiffs pray for the following relief:

A. Pursuant to Counts I, III, and IV, as provided for under 47 U.S.C. § 227(b)(3)(A), grant a permanent injunction enjoining the Defendant(s), their officers, successors, and assigns, and all persons or entities in active concert or participation with the Defendant(s), from engaging in the unlawful transmission of unsolicited commercial facsimile advertisements.

B. Pursuant to Count I, as provided for under 47 U.S.C. § 227(b)(3)(B) and C.R.S. § 6-1-113(2)(a)(II), award the Plaintiffs statutory damages of $ 500.00 for each transmission violation under 47 U.S.C. § 227(b)(1)(C) and C.R.S. § 6-1-702(1)(a) for fax transmission #'s 1-193, as specified in Table 2 (See Exhibit C).

C. Pursuant to Count II, as provided for under C.R.S. § 6-1-113(2)(a)(II), award the Plaintiffs statutory damages of $ 500.00 for each header violation under C.R.S. § 6-1-702(1)(b) for fax transmission #'s 1-193, as specified in Table 2 (See Exhibit C).

D. Pursuant to Count III, as provided under 47 U.S.C. § 227(b)(3)(B) and C.R.S. § 6-1-113(2)(a)(II), award the Plaintiffs statutory damages of $ 500.00 for each notice requirement violation under 47 U.S.C. § 227 and C.R.S. § 6-1-702(1)(c) for fax transmission #'s 1-193, as specified in Table 2 (See Exhibit C).

E. Accordingly, under Counts I-III, as a result of a total of 965 statutory violations under the TCPA and CCPA, the Plaintiffs seek statutory damages in the amount of $ 482,500.00 (Before Treble Damages)(See Exhibit C).

F. Pursuant to Count IV, as provided for under 47 U.S.C. § 227(b)(3), award the Plaintiffs treble damages, or $1,500.00, for each willful or knowing violation of 47 U.S.C. § 227, for an additional $ 193,000.00.

G. Pursuant to Count V, imposition of personal liability against Defendant(s)s, yet to be determine, under 47 U.S.C. § 217, C.R.S. § 7-108-402, and applicable state law for all damages attributed to Defendant(s) MultiPlan under Counts I-IV.

H. Pursuant to Count VI, damages in an amount to be determined pursuant to C.R.S. § 6-1-113, including but not limited to treble damages.

I. Plaintiffs' reasonable attorney fees and costs pursuant to C.R.S. § 6-1-113(2)(b);

J. Pre-judgment interest as damages as provided by statute;

K. Post-judgment interest and costs; and

L. Grant such further relief as the Court finds just and equitable under the circumstances.

Respectfully submitted this 3rd day of July, 2015.

Signed Original on File at Office of Plaintiffs' Attorney

/s/Andrew L. Quiat
Andrew L. Quiat, Esq., # 1286
The Law Offices of Andrew L. Quiat, PC
7955 East Arapahoe Court Suite 3900
Centennial, CO 80112

Plaintiffs' Addresses:

Absolute Health Center, Inc.
3910 S. Carefree Circle Suite C
Colorado Springs, CO 80917

Dr. Alice Ratcliffe
1819 W. Colorado Avenue
Colorado Springs, CO 80904

Colorado Chiropractic Neurology Consultants, Inc.
d/b/a N-8 Chiropractic & Wellness
3510 Galley Road, Suite 104
Colorado Springs, CO 80909