**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:15-CV-01624-RM-NYW

ABSOLUTE HEALTH CENTER, INC., a Colorado corporation;
DR. ALICE L. RATCLIFFE, D.C., Individually; and
COLORADO CHIROPRACTIC NEUROLOGY CONSULTANTS, INC. d/b/a N-8
CHIROPRACTIC & WELLNESS, a Colorado corporation, Plaintiffs

v.

MULTIPLAN, INC., a New York corporation;
MULTIPLAN SERVICES CORPORATION, a Delaware corporation; and
JOHN DOES # 1-100,

Defendants

**STIPULATED PROTECTIVE ORDER**

Plaintiffs, ABSOLUTE HEALTH CENTER, INC., DR. ALICE L. RATCLIFFE, D.C., and COLORADO CHIROPRACTIC NEUROLOGY CONSULTANTS, INC. d/b/a N-8 CHIROPRACTIC & WELLNESS ("Plaintiffs"), and Defendant, MULTIPLAN, INC. ("Defendant"), by and through their respective attorneys, hereby stipulate that the production of documents marked or designated as "Confidential" in discovery in this action shall be governed by the terms of this Stipulated Protective Order:

IT IS HEREBY STIPULATED AND AGREED that inasmuch as this lawsuit may involve discovery of documents and testimony containing medical information relating to individuals who have a privacy interest in such information and that such information is subject to the Standards of Privacy of Individually Identifiable Health Information, 45 C.F.R. §§ 160 and 164, promulgated pursuant to HIPAA, and moreover, that some documents and testimony may

contain highly confidential information, including trade secrets, proprietary information, production information, and commercial and financial data ("Confidential Documents"), and therefore, that the production of the Confidential Documents shall be protected as follows unless otherwise ordered by the Court:

1.      The Confidential Documents, and the information contained therein, will not be disclosed to anyone other than attorneys and other law firm personnel working on the case (including, without limitation, paralegals and support staff), the parties, and any experts retained by the parties for the purposes of either assisting counsel or testifying in this action, and the support staff of such experts.  The Confidential Documents and information contained therein will not be disclosed to other third persons. All experts, including their support staff and any other third persons who are allowed by the parties to review Confidential Documents, will sign the Confidentiality Agreement, attached hereto as Exhibit "A", before being allowed to review or copy any Confidential Document. This paragraph shall not be construed to limit the investigation of the parties to the extent information learned about individuals or other matters derives from documents marked "Confidential"; rather, this paragraph restricts the disclosure of the documents and information so no party making the "Confidential" designation is harmed.

2.      The Confidential Documents not previously produced shall be marked or stamped "Confidential." In no event shall the mark, stamp or notation interfere with the legibility of any part of the Confidential Documents produced.

3.      Certain Confidential Documents may be marked "Strictly Confidential," in which case those documents shall only be subject to review by ~~lawyers enrolled~~ <u>counsel of record and any in-house lawyers</u> in the case and their support staff, as well as by experts retained by any Party,

and by no other third parties, including representatives of the Parties, without the prior written consent of the Party producing the "Strictly Confidential" document; or by Court Order. To the extent that the term "Confidential Documents" is referred to in this Agreement, the term shall also refer to documents marked "Strictly Confidential," as well as to those marked "Confidential."

4.   The Confidential Documents may include, the parties' financial records and statements, contracts, financial data, pricing information, including fee schedules, employee personnel files, legal invoices and other documents concerning legal services, documents containing protected health information ("PHI") and documents containing confidential, development, research, marketing and/or proprietary business information not normally available to the public or to persons or entities other than the producing party and its affiliates, and if and only if said Confidential Documents are marked or designated "Confidential" (pursuant to this Stipulation and subject to Paragraph 8 below).  Documents shall only be marked or designated "Confidential" in good faith, <u>and in accordance to the party's respective obligations under Rule 26(g) of the Federal Rules of Civil Procedure</u>. The party designating any document as "Confidential" maintains the burden of persuasion with the court should the designation of the document become in dispute.

5.   The parties intend that only materials fairly entitled to protection under the rules be so designated in order to minimize discovery disputes and to minimize the wholesale or inappropriate designation of materials as Confidential Documents. The party seeking to protect same from public view shall (a) designate and (b) describe the document, and (c) discuss why it qualifies for such protection with specificity, e.g., (i) material is legally protected by statute, such

as PHI; (ii) it is a trade secret, proprietary information or production information that the party actively protects and guards and for which the party has in place and has utilized mechanisms to protect, guard and enforce the secret nature of same; or (iii) the material(s) are confidential commercial or financial information not otherwise publicly available and could be used adversely by competitors if publicly available.

6.      This Stipulated Protective Order shall apply to all copies of the Confidential Documents, or other material prepared from the Confidential Documents by any person subject to this Stipulated Protective Order.

7.      Use of the Confidential Documents is limited to the litigation of the claims and defenses in the legal action titled "Absolute Health Center, Inc., a Colorado corporation, Dr. Alice L. Ratcliffe, D.C., individually, and Colorado Chiropractic Neurology Consultants, Inc. d/b/a N-8 Chiropractic & Wellness, a Colorado corporation v. MultiPlan, Inc., a New York corporation, MultiPlan Services Corporation, a Delaware corporation and John Does #1-100," Civil No. 1:15-CV-01624, United States District Court for the District of Colorado, including, without limitation, the Complaint filed therein, and the defenses alleged thereto (the "Lawsuit"); however, this paragraph does not prevent counsel from adding additional parties in this civil action and/or pursuing future claims of other individuals who may be discovered to have been injured, if any.

8.      The Confidential Documents shall be subject to the following procedure for use in depositions and court pleadings:

   (a)     Any party wishing to use the Confidential Documents in a deposition must first identify the Confidential Documents on the record as subject to this Stipulated Protective

Order. The Confidential Documents and the portion of the examination dealing with the Confidential Documents and its subject matter will be held confidential. Nothing herein, however, bars any party from utilizing a Confidential Document in a deposition or showing such document to a witness in a deposition, provided that the procedures set forth above are followed.

(b) Confidential Documents and portions of deposition testimony dealing with Confidential Documents shall be provided to the Court in conformity with the Court's local rule – D.C.COLO.LCivR 7.2.  <u>Nothing in this Order requires the court to restrict access to any filing and/or document.</u>

(c) The parties agree that in connection with an evidentiary hearing or trial in this matter, the parties will attempt to agree to the manner in which Confidential Documents and confidential deposition testimony will be submitted to the Court.  If no agreement is reached, any party that desires the documents to remain confidential may seek relief from the Court on the use of the Confidential Documents in such proceedings, but the Court retains ultimate authority to allow the use of Confidential Documents in open court.

9. The parties agree that, following the dismissal of this Lawsuit and within sixty days written notice by the producing party, the non-producing party shall exercise reasonable and good faith efforts (a) to return to the producing party (through his/her/its counsel) or destroy by shredding all Confidential Documents in tangible form, and (b) to delete, erase, quarantine, and/or prevent unauthorized access to Confidential Documents that are electronically stored or archived. Within sixty-five days of receipt of the written notice by the producing party, the non-producing party (through his/her/its counsel) shall confirm in writing that both the non-producing

5

party and counsel conducted a reasonable and good faith search to locate all Confidential Documents and exercised reasonable and good faith efforts in the completion of the actions as set forth in (a) and (b) of this paragraph. Through his/her/its counsel, the parties and counsel further agree that the information contained in the Confidential Documents will be forever kept confidential, and that neither the non-producing party nor his/her/its counsel has taken, or will take, any action contrary to the requirements and intent of this paragraph 9 and/or paragraph 4, above. The parties acknowledge that the provisions of this Paragraph are intended to respond to the practical difficulties and burdens of locating and destroying all Confidential Documents, and particularly those in electronic form, while preserving the parties' intention to keep the Confidential Documents forever confidential.

10. By entering into this Stipulated Protective Order, the parties do not waive any privilege that may otherwise obtain and do not waive objections to discovery; and reserve the right to withhold from production documents that are privileged and/or otherwise protected from discovery. In addition, by entering into this Stipulated Protective Order, the parties reserve the right to seek additional protection for documents or information for which the protections contained in this Stipulated Protective Order are deemed to be inadequate. Further, the inadvertent failure to indicate confidentiality of a document is not a waiver of any rights under this Stipulated Protective Order or otherwise. Upon demand of the producing party that a document should have been so designated, all copies of any such document shall be marked confidential pursuant to this Stipulated Protective Order and treated in accordance with the provisions herein. The parties also agree that this Stipulated Protective Order shall not preclude a party from objecting to designations of documents as confidential or waive that party's right to

challenge confidentiality designations through appropriate objections and motions for orders determining that such documents are not confidential and not subject to this protective order. If challenged, the burdens of persuasion and proof are on the party who seeks to protect a document to prove entitlement to such protection.

11.     Nothing in this Stipulated Protective Order shall prevent the parties from entering into confidentiality agreements or obtaining other protective orders by stipulation or otherwise. Moreover, nothing in this Stipulated Protective Order will limit any party's use of its own Confidential Documents.

12.     The attorneys of record are responsible for employing reasonable measures to control, consistent with this Stipulated Protective Order, duplication of, access to, and distribution of copies of the stamped Confidential Documents. Parties shall not duplicate any of the Confidential Documents, except as necessary for purposes of this litigation.

13.     This Stipulated Protective Order may be signed in counterparts with the same effect as if all parties had signed the same document.  All counterparts shall be construed together and shall constitute one agreement.

14.     <u>This Protective Order may be modified upon a showing of good cause upon motion of either Party or by the court.</u>

DATED:  October 6, 2015                                        BY THE COURT:

                                                                                      s/ Nina Y. Wang
                                                                                      Nina Y. Wang
                                                                                      United States Magistrate Judge

Executed on the 24th day of September 2015.

WEEKS & LUCHETTA, LLP


s/ Jeffrey L. Weeks						Date: 9/24/15
Jeffrey L. Weeks, Esq.
102 South Tejon Street, Suite 910
Colorado Springs, CO 80903
Telephone: 719.578.5600
Facsimile: 719.635.7458
Email: jeffrey@weeksluchetta.com

and


BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC


s/ Errol J. King						Date: 9/24/15
Errol J. King, Esq.
Heather A. Cross, Esq.
Daniel P. Guillory, Esq.
450 Laurel Street
Chase Tower North, 20th Floor
Baton Rouge, Louisiana 70801
Telephone: 225.381.7000
Facsimile: 225.343.3612
Email: eking@bakerdonelson.com
Attorneys for the Defendants


LAW OFFICE OF ANDREW L. QUIAT, PC


s/ Andrew L. Quiat						Date: 9/24/15
Andrew L. Quiat, Esq. P.O. Box 2900
Aspen, CO 81612
Telephone: 303.471.8558
Facsimile:
Email: aquiat@alqpclaw.com
Attorney for Plaintiffs

EXHIBIT "A"

CONFIDENTIALITY AGREEMENT

I have read and understand the Stipulated Protective Order entered by the Court in this case to which this Agreement is attached, and execute this Agreement pursuant thereto.  I will use any documents or information designated as "confidential" under the terms of the Stipulated Protective Order (the "Confidential Information") solely for the purpose of assisting counsel to prepare for trial or otherwise to prepare for the prosecution or defense of the above-captioned matter.  I will not use the Confidential Information for any other purposes, including business, governmental, commercial, administrative or judicial proceedings or arbitrations. I will not disclose the Confidential Information to any other person whatsoever, except counsel who retained me or my staff/employer, provided that disclosures to my staff/employer shall only be made on a need to know basis and only upon verification that such person(s) have also executed this Agreement.  I understand that any unauthorized disclosure of any Confidential Information constitutes contempt of court.  I hereby consent to the personal jurisdiction over me by this Court for the purposes of this litigation.

Dated: _____    _____
Name

_____
Address

_____
Employer